**This order is SIGNED.**

Dated: December 5, 2019



**JOEL T. MARKER
U.S. Bankruptcy Judge**



*msc*

Mark S. Middlemas, USB No. 9252
Tom Cook, USB No. 5846
LUNDBERG & ASSOCIATES, PC
3269 South Main Street, Suite 100
Salt Lake City, UT 84115
(801) 263-3400
(801) 263-6513 (fax)
ECFmailDistGroup@Lundbergfirm.com

Attorneys for Citibank, N.A., as trustee for CMLTI Asset Trust
L&A Case No. 19.75209.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| In re:<br><br>Jose Suarez and Mariela Suarez,<br><br>Debtors. | Bankruptcy No. 19-24803 JTM<br><br>(a Chapter 13 case)<br><br>Filed Electronically<br><br>*Hearing December 18, 2019 @ 9:00 am* |
|---|---|

AGREED ORDER CONDITIONING THE AUTOMATIC STAY

Citibank, N.A., as trustee for CMLTI Asset Trust ("Creditor") filed a Motion for Termination of the Automatic Stay. Fay Servicing, LLC presently services this loan for the Creditor. The Court has considered the motion, any responses to the motion and the agreement of counsel, and it is hereby ordered, adjudged and decreed as follows:

1. <u>Automatic Stay</u>. The automatic stay provided by 11 U.S.C. §362 and §1301 shall remain in effect, except as provided in the paragraphs below.

2. <u>Regular Monthly Payments</u>. The debtors shall make all regular monthly mortgage payments due to the Creditor pursuant to the terms of the Note and Trust Deed attached to Creditor's Motion, beginning with the payment due on January 1, 2020. The amount of each such payment is presently $150.80. The amount is subject to change to reflect escrow requirements and any other adjustments provided by the terms of the Note and Trust Deed.

3. <u>Additional Payments.</u> In addition to payments required by paragraph 2, above, the debtors shall cure the post-petition arrearage, calculated as follows:

| | |
|---|---:|
| Post-petition payments for August 1, 2019 through December 1, 2019 at $150.80 each | $754.00 |
| MFR Attorney Fee | $1,031.00 |
| | |
| Total Arrears | $1,785.00 |

The debtors shall pay $250.00 by December 15, 2019. **(This is in addition to the payment due January 1, 2020.)** The remaining balance of ($1,535.00) shall be paid as follows:

$255.83 on or before January 15, 2020

$255.83 on or before February 15, 2020

$255.83 on or before March 15, 2020

$255.83 on or before April 15, 2020

$255.83 on or before May 15, 2020

$255.85 on or before June 15, 2020

All such payments shall be mailed directly to the Creditor at the following address:

>Fay Servicing, LLC
>PO Box 814609
>Dallas, TX 75381

4. <u>Trustee Payments</u>. The debtors shall remit to the Trustee the monthly payments described in the debtors' Plan. The debtors shall bring current all delinquent and outstanding payments owed to the Trustee, if any, within 30 days of the date this Order is signed by the Bankruptcy Judge.

5. <u>Effect of Non-sufficient Funds</u>. Any check tendered to the Creditor by the debtors and/or co-debtor which is returned due to non-sufficient funds in the account upon which it is drawn shall not constitute a payment required by the terms of this Order.

6. <u>Default</u>. In the event the Creditor does not receive the payment of $250.00 by December 15, 2019 as set forth in paragraph 3, the automatic stay shall be terminated upon submission of a declaration of default and ex parte order for relief from the automatic stay. In the event the Creditor does not receive the payments required by this Order on the dates set forth in paragraph 2 with any grace period allowed, or paragraph 3 on the date set forth by 5:00 p.m., or the debtors does not make the payments required by paragraph 4, above, the Creditor shall send written notice by certified mail, return receipt requested, to the debtors and debtors' counsel and allow the debtors ten (10) days from the date the written notice is mailed to cure the delinquent payment or payments. Cure payments must be in the form of certified funds only. In the event the debtors fails to cure the delinquent payment or payments within the ten (10) day period, or in the event the debtors becomes delinquent after one (1) notice of default, Creditor shall be entitled

to submit a declaration of default and ex parte order for relief from the automatic stay. Creditor shall be entitled to recover and add to the loan, attorney fees incurred in the preparation of a notice of default, declaration of default and/or order terminating the automatic stay pursuant to the terms of this order.

In addition, should the holder of any other consensual or judicial lien secured against the real property described below obtain relief from the automatic stay Creditor shall be entitled to submit a declaration of default and ex parte order for relief from the automatic stay.

Upon order of the court, the stay shall terminate as to the Creditor, its successors and assigns, as to the real property of the debtors located at 428 South 1000 West, Payson, in Utah County, Utah, 84651, and more particularly described as:

> All that certain land situated in the State of Ut, County of Utah, City of Payson, described as follows:
>
> Lot 4, Plat "A", HOLMAN SUBDIVISION, Payson, Utah, according to the Official Plat thereof on file in the Office of the Recorder, Utah County, Utah.
>
> Together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.

It is further ordered that, upon termination of the automatic stay pursuant hereto and notice thereof, the Chapter 13 Trustee shall make no further distribution to Creditor on its secured claim, and Creditor shall file, within 180 days for it to be allowed, an amended proof of claim showing the amount, if any, that should be paid through debtors' plan as an unsecured claim, for any deficiency balance, and shall serve a copy thereof on the Chapter 13 Trustee.

Creditor and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance, loan modification, refinance, short sale, deed in lieu, or other loan workout/loss mitigation agreement or alternative to foreclosure. Any such agreement shall be non-recourse unless included in a reaffirmation agreement. Creditor may contact the debtors via telephone or written correspondence to offer such an agreement. This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

———————————————— End of Document ————————————————

Agreed and approved as to form and substance:

By Electronic Endorsement
Andrew T. Curtis
Attorneys for debtors

Lundberg & Associates, PC

By /s/Mark S. Middlemas
Mark S. Middlemas
Attorneys for Creditor

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Agreed Order shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

>Mark S. Middlemas
>Lundberg & Associates, PC
>ecfmaildistgroup@lundbergfirm.com
>ECF
>
>>Attorney for Creditor
>
>Andrew T. Curtis
>Lincoln Law
>lincolnlaw.orem.atc@gmail.com
>ECF
>
>>Attorney for Debtors
>
>Lon Jenkins
>ecfmail@ch13ut.org
>ECF
>
>>Chapter 13 Trustee

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

        Jose Suarez
            *aka* Jose Suarez Garcia
        Mariela Suarez
        428 South 1000 West
        Payson, UT 84651
            Debtors

                /s/Mark S. Middlemas
                Mark S. Middlemas